**Sarup SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 05–2345–ag.

United States Court of Appeals, Second Circuit.

June 25, 2007.

Sarup Singh, pro se, Bellerose, NY, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois; Kurt N. Lindland, Edmond E. Chang, Craig Oswald, Assistant United States Attorneys, Chicago, IL, for Respondent.

PRESENT: Hon. WILFRED FEINBERG, Hon. JOSÉ A. CABRANES and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Sarup Singh, a citizen of India and a Sikh, seeks review of an April 14, 2005 order of the BIA affirming the December 22, 2004, decision of Immigration Judge ("IJ") Michael W. Straus denying Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sarup Singh,* No. A 98 322 743 (B.I.A. April 14, 2005), *aff'g* No. A 98 322 743 (Immig.Ct.Hartford, Dec. 22, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA agrees with the IJ's conclusion that a petitioner is not credible and, without rejecting any of the IJ's grounds for decision, emphasizes particular aspects of that decision, this Court reviews both the BIA's and IJ's opinions— or more precisely, the Court reviews the IJ's decision including the portions not explicitly discussed by the BIA. *See Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 394 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Substantial evidence supports the IJ's adverse credibility finding. The IJ accurately observed that Singh testified that he first "joined" the Shiromani Akali Dal party in 2001 after he left the military, but his wife indicated that he "joined" the party and "became a regular member" in 1998.

Because this inconsistency was material to Singh's claim that he was a member of the party, it substantiated the IJ's adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003). While Singh now argues that the IJ abused his discretion by relying on his (Singh's) wife's affidavit without making it clear that it was admitted in the first place, this argument is unavailing. The IJ clearly indicated that he admitted the affidavit from Singh's wife as part of a package marked as "Exhibit 2" for identification. Once this document was admitted, the weight afforded to it lay largely within the discretion of the IJ. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006).

Moreover, in finding Singh not credible, the IJ reasonably relied on the inconsistency between his testimony that he was arrested in November 2002 at his home and his wife's assertion that the arrest occurred while he was en route to a rally. This discrepancy also supported the IJ's adverse credibility finding because it involved the crux of Singh's claim that he was persecuted in India on account of his political activities. *See Secaida–Rosales,* 331 F.3d at 308. Further, the IJ reasonably rejected Singh's explanations for these discrepancies. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

In addition, in making the adverse credibility finding, the IJ appropriately considered the absence of corroboration for Singh's claim that members of his party are currently being persecuted. Singh accurately notes that the record reflects that human rights abuses continue to occur in India. However, the IJ correctly noted record evidence indicating that Sikhs do not constitute a persecuted group "at the present time," and that conditions in Punjab had "improved greatly." Singh's failure to provide corroboration of specific instances of the persecution of Shiromani Akali Dal members rendered him unable to rehabilitate testimony that had already been called into question. *See Zhou Yun Zhang,* 386 F.3d at 78. The IJ was not required to show that such evidence was reasonably available because he did not find Singh to be otherwise credible. *See Xiao Ji Chen,* 471 F.3d at 341 (holding that these steps are not required when the applicant is not otherwise credible). Furthermore, the IJ was not required to address specifically the statement from the sarpanch of Singh's village. *See id.* at 336, n. 17 (emphasizing that, where the agency has given reasoned consideration to the petition and made adequate findings, it is not required to address specifically each claim the petitioner made or each piece of evidence the petitioner presented).

In light of the IJ's proper adverse credibility finding, we affirm the agency's denial of Singh's asylum claim. Because the only evidence of a threat to Singh's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

Last, because Singh failed to exhaust his administrative remedies with respect to his CAT claim, we lack jurisdiction to review it and dismiss the petition for review with respect to the CAT claim. *See* 8 U.S.C. § 1252(d)(1); *see also Gill v. INS,* 420 F.3d 82, 86 (2d Cir.2005) (requiring petitioners to exhaust the categories of relief they are claiming).

For the foregoing reasons, the petition for review is DENIED, in part, and DISMISSED, in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DE-
NIED in accordance with Federal Rule of
Appellate Procedure 34(a)(2), and Second
Circuit Local Rule 34(d)(1).