11-3082-ag
Jin v. Holder

BIA
Chew, IJ
A088 775 911
A088 775 912

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29ᵗʰ day of May, two thousand twelve.

PRESENT:
>     GUIDO CALABRESI,
>     REENA RAGGI,
>     DEBRA ANN LIVINGSTON,
>         *Circuit Judges.*

_____

JINGZHI JIN,
YULAN LI, AKA YUILAN LI,
    *Petitioners,*

    v.                                    11-3082-ag
                                          NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONERS:        Stephen Shaiken, San Francisco, CA.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Linda S. Wernery, Assistant
                        Director; Susan Bennett Green, Trial

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Jingzhi Jin and Yulan Li, natives and citizens of the People's Republic of China, seek review of a June 30, 2011, order of the BIA affirming the June 24, 2009, decision of Immigration Judge ("IJ") George T. Chew denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jingzhi Jin*, No. A088 775 911/912 (B.I.A. June 30, 2011), *aff'g* No. A088 775 911/912 (Immig. Ct. N.Y. City June 24, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications, such

2

as the petitioners', governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an applicant's demeanor, the plausibility of his account, or inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).

The petitioners argue that the IJ's credibility determination was not supported by the record because it was based on Jin's failure to provide adequate corroboration of his claim.  However, the IJ reasonably based his credibility findings on inconsistencies, omissions, and a lack of corroboration.  Specifically, the IJ concluded that Jin's testimony was undermined by inconsistencies between his asylum application, which stated that the police visited Jin's family in China and threatened him because he had joined an organization that they compared to the Dalai Lama's organization without mentioning that the police asked for his address in the United States, and Jin's testimony–which stated that the police asked for his address but did not mention their comparison to the Dalai Lama's organization.

The petitioners concede that there were inconsistencies in Jin's testimony, but suggest that they were too minor to support the credibility determination. However, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility determination . . ." *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). The petitioners also argue that the IJ failed to address Jin's explanation that he forgot to mention that the police asked for his address in his asylum application and forgot to testify about the police's comments on the Dalai Lama's organization. This argument is unavailing because the record shows that the agency considered and rejected these explanations. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 338 n.17 (2d Cir. 2006).

Having found that Jin's credibility was undermined by inconsistencies in his statements, the IJ reasonably expected him to provide corroboration to rehabilitate his testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Contrary to the petitioners' argument, the IJ was not required to give Jin notice of what evidence was expected and an opportunity to collect it because the

corroboration finding was part of a credibility finding. *See Xiao Ji Chen*, 471 F.3d at 341. The IJ reasonably faulted Jin for failing to produce reasonably available corroborating evidence in the form of: (1) a letter from his family; (2) a copy of the third article he purportedly wrote for the China Democracy and Justice Party ("CDJP"); and (3) a witness from the CDJP. While Jin argued that he did not collect a letter from his family because he was afraid that the Chinese authorities would harm them, the BIA reasonably rejected this explanation, noting that Jin had stated that the authorities had requested that his family communicated with him. *See* 8 U.S.C. § 1252(b)(4).

Together, the inconsistencies and omissions and Jin's failure to provide reasonably available corroborating evidence provide substantial evidence in support of the agency's credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Accordingly, the agency did not err in concluding that the petitioners did not establish their eligibility for asylum, withholding of removal, or CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6