Ni v. Lynch

BIA
Nelson, IJ
A093 339 682

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of February, two thousand sixteen.

PRESENT:
REENA RAGGI,
GERARD E. LYNCH,
RAYMOND J. LOHIER, JR.,
*Circuit Judges.*

_____

HUI RONG NI,
*Petitioner,*

v.                                      14-4409
                                        NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Ramesh K. Shrestha, New York, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Douglas E. Ginsburg, Assistant Director; Deitz P. Lefort, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hui Rong Ni, a native and citizen of the People's Republic of China, seeks review of an October 31, 2014, decision of the BIA affirming a March 20, 2013, decision of an Immigration Judge ("IJ") denying Ni's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hui Rong Ni,* No. A093 339 682 (B.I.A. Oct. 31, 2014), *aff'g* No. A093 339 682 (Immig. Ct. N.Y. City Mar. 20, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision "as modified by the BIA's decision," i.e., minus the basis for denying relief that the BIA declined to consider (the untimely filing of the asylum application). *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See*

8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Ni was not credible.

As an initial matter, contrary to the Government's contention, we consider Ni's challenges to the agency's adverse credibility determination exhausted because they were raised below, or are "subsidiary legal arguments, or arguments by extension," of those arguments raised below. *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005). The agency reasonably relied on the inconsistency between Ni's testimony and her husband's affidavit regarding whether her husband was present when family planning officials allegedly took her for a forced sterilization. *See Xiu Xia Lin*, 534 F.3d at 166-67. Ni's explanations that she was estranged from her husband and had not read his affidavit were not compelling given that his affidavit was the only evidence she presented to corroborate

that her sterilization was forced.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

Ni argues that the agency erred in relying on her husband's affidavit because the IJ did not admit it into evidence and found it "worthless" on the issue of whether her asylum application was timely.  However, it was in the IJ's discretion to permit cross-examination of Ni based on the affidavit, which was submitted by Ni and marked for identification, and to consider Ni's responses in assessing credibility.  *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341-42 (2d Cir. 2006); *Singh v. Bd. of Immigration Appeals*, 236 F. App'x 704, 706 (2d Cir. 2007).  Moreover, the IJ's determination that the affidavit was "worthless" for purposes of establishing when Ni entered the United States did not infect the IJ's decision to rely on Ni's unpersuasive efforts to explain the inconsistencies between her version of events and that contained in her husband's affidavit in connection with the sterilization claim.  The affidavit indicates that Ni's husband's knowledge of her date of entry was based on information Ni provided him while his statements related to her alleged sterilization were based on firsthand knowledge.

4

Ni's reliance on *Bao v. Gonzales*, 460 F.3d 426 (2d Cir. 2006), for the proposition that it was inappropriate to consider her husband's affidavit is misplaced. In *Bao*, the IJ relied on the independent asylum application of the petitioner's husband to find the petitioner not credible. *Id.* at 431. Here, Ni submitted her husband's affidavit as part of her own evidentiary materials, and there is no unfairness in relying on inconsistencies between the affidavit and her testimony in finding her not credible.

In finding Ni not credible, the IJ also reasonably relied on inconsistencies in the record regarding her travel to and within the United States. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3. Ni's explanations for these inconsistencies were not compelling. *See Majidi*, 430 F.3d at 80-81.

Having found Ni not credible, the agency reasonably determined that Ni's corroborating evidence did not rehabilitate her testimony that her sterilization was forced. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The IJ reasonably declined to give much weight to Ni's sterilization certificate, which was purportedly issued by a Chinese family planning committee. Putting to one side any issue as to the authenticity of the document, neither the

5

certificate nor a statement from Ni's U.S.-based physician, while supporting her claim that she was sterilized, has any bearing on whether her sterilization was forced.

Ni also argues that the IJ erred in failing to grant her an opportunity to correct deficiencies in her corroborating evidence. This argument lacks merit. While we have held that "where an IJ finds that corroborative evidence is required to support the asylum petition, we demand that immigration judges give refugee seekers an opportunity to address and, where possible, rectify perceived deficiencies in their testimony," *Ming Shi Xue v. Bd. of Immigration Appeals*, 439 F.3d 111, 122 (2d Cir. 2006), this rule does not apply where the need for corroborating evidence is based on an adverse credibility finding. *See Balachova v. Mukasey*, 547 F.3d 374, 382 n.5 (2d Cir. 2008); *Jingzhi Jin v. Holder*, 481 F. App'x 640, 641 (2d Cir. 2012).

Ultimately, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). That finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe, Clerk